# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ROGER R. NOLAN, Register No. 46531, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05-4237-CV-C-SOW |
| | ) |
| DANA D. THOMPSON, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT, RECOMMENDATION AND ORDER

     Plaintiff Roger R. Nolan, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

     On February 2, 2006, defendants Dana Thompson, Fannie Gaw, Wayne Crump, Ansel Card, Robert Robinson, and Penny Hubbard filed a motion for judgment on the pleadings. Plaintiff filed a response on February 13, 2006, and defendants filed a reply on February 28, 2006.

     If the defense of failure to state a claim is raised in a motion for judgment on the pleadings, the court uses the same standard as it would have used if the motion was brought as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). St. Paul Ramsey County Medical Center v. Pennington County, S.D., 857 F.2d 1185 (8th Cir. 1988).

     "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

Upon review, the court finds dismissal is improper at this stage in the proceedings because matters outside the pleadings must be considered in determining the merit of plaintiff's claims. The court cannot determine that plaintiff can prove no set of facts which would entitle him to relief.

On February 13, 2006, plaintiff filed a motion to substitute party Reid Forrester for John or Jane Doe. Defendants do not oppose the motion. Counsel for defendants, Emily Kalmer, requests the court enter her appearance on behalf of Reid Forrester, and that the court consider defendants' answer (Doc. No. 13), motion for judgment on the pleadings (Doc. No. 24) , and reply to plaintiff's response (Doc. No. 28) as filed on his behalf. Upon consideration and there being no opposition filed, it is

ORDERED that plaintiff's motion to substitute Reid Forrester for John or Jane Doe is granted [26]. It is further

ORDERED that the clerk of court enter Emily Kalmer's appearance as counsel on behalf of Reid Forrester. It is further

ORDERED that defendants' answer, motion for judgment on the pleadings, and reply to plaintiff's response are considered filed on behalf of Reid Forrester. It is further

RECOMMENDED that defendants' motion for judgment on the pleadings be denied [24].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

2

Case 2:05-cv-04237-SOW   Document 35   Filed 05/16/06   Page 2 of 3

Dated this 16th day of May, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3