IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ROGER R. NOLAN, Register No. 46531, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-4237-CV-C-SOW |
| ) | |
| DANA D. THOMPSON, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Roger R. Nolan, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Both plaintiff and defendants have submitted motions for summary judgment. The parties have filed their respect responses and replies, and the motions for summary judgment are fully submitted for consideration by this court.

Plaintiff's response to defendants' motion for summary judgment included a motion to strike. Upon review of the subsequent filings by defendants, the court finds that defendants have sufficiently authenticated their exhibits in support of summary judgment and plaintiff's motion to strike is denied.

In support of his claims, plaintiff states he has a liberty interest under the regulations and the old Missouri parole statute which were in effect at the time he committed his crimes. Plaintiff states such old statute and corresponding regulations prevent the Missouri Board of Probation and Parole from continuing to consider the seriousness, nature and circumstances of his offense in determining whether to release him on parole. Plaintiff states that under the old regulations, the deterrent and retributive portions of his sentence were fulfilled upon completion of 25 percent of the maximum sentence, and after such time, those factors could no longer be considered in denial of parole. It appears to be plaintiff's contention that rehabilitation is the

only factor which can be considered, and that has not been the reason for the Board's denial of parole. Plaintiff states defendants continue to deny him parole based upon the seriousness of his offenses, in violation of the old regulations and statute and his due process rights. Plaintiff also states defendants are in violation of the Ex Post Facto Clause. Plaintiff states the changes in parole regulations which no longer allow appeal of the parole board's decisions, and changes in the frequency of his parole hearings from every two years to every three years, increase his measure of punishment, in violation of ex post facto. Finally, plaintiff states his equal protection rights are being violated because other similarly situated inmates are being released on parole.

Defendants state there is no evidence that Mo. Rev. Stat. § 217.690 is being applied to plaintiff; however, even if it were applied, it is not a violation of the Due Process or Ex Post Facto Clauses of the Constitution. Defendants state the parole board may lawfully consider the seriousness of plaintiff's crimes in their decisions. Defendants state that pursuant to the regulations in effect at the time plaintiff committed his crimes, parole hearings could be scheduled at a maximum of every five years after initial denial, and therefore, plaintiff's challenge to the scheduling of hearings every three years as violation of the Ex Post Facto Clause fails. Defendants further state plaintiff has no facts to support an equal protection claim, and further, the members of the Missouri Board of Probation and Parole are absolutely immune from suit.

**Summary Judgment**

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly

2

probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

**Statement of Facts**

On March 4, 1983, plaintiff pleaded guilty to murder in the first degree for a killing which occurred while perpetrating a kidnaping. Plaintiff was sentenced to confinement in the custody of the Department of Corrections of the State of Missouri for a period of natural life. The crimes for which plaintiff was incarcerated were committed on November 27, 1981, and therefore, the applicable parole statute in effect at the time plaintiff committed his crimes was Mo. Rev. Stat. § 549.261 (1978). The regulations governing parole in 1981 were found in Title 13, Division 80, Chapter 2 of the Missouri Code of Regulations.

The Missouri parole statute, section 549.261, was repealed by the Missouri Legislature in 1982, and a new parole statute, section 217.690, was enacted. The 1981 Code of Regulations for parole was recodified in 1992.

Pursuant to the regulations governing parole in 1981, plaintiff became eligible for parole and was given a hearing in September 2003. Plaintiff was denied parole in 2003, based upon the finding by the Parole Board that "[r]elease at this time would depreciate the seriousness of the present offense based upon the following: A. Circumstances surrounding the present offense." See Defendants' Motion for Summary Judgment, Exh. 3. Plaintiff was scheduled for a reconsideration hearing in September 2006. This court has no information or evidence as to the findings by the parole board at plaintiff's scheduled September 2006 hearing.

3

**Discussion**

*Due Process*

The Supreme Court held in <u>Greenholtz v. Inmates of Nebraska Penal & Correctional Complex</u>, 442 U.S. 1, 9-11 (1979), that an inmate does not have a constitutionally protected liberty interest in the possibility of parole. Only if a state statute creates a liberty interest in parole does a prisoner have an actionable claim for denial of parole in violation of due process. <u>Id.</u> at 12; <u>see also Cavallaro v. Groose</u>, 908 S.W.2d 133, 134 (Mo. 1995); <u>Delay v. Missouri Bd. of Probation and Parole</u>, 174 S.W.3d 662, 665 (Mo. App. 2005) (Missouri courts apply holding of <u>Greenholtz</u> in consideration of Missouri parole statutes).

Section 549.261, which was in effect when plaintiff committed his crimes, provided a liberty interest in parole if the statutory conditions were satisfied. <u>Williams v. Missouri Bd. of Probation & Parole</u>, 661 F.2d 697 (8th Cir. 1981); <u>Cavallaro</u>, 908 S.W.2d at 134-35. In 1982, section 217.690 was enacted to replace section 549.261, and this new statute and its regulations did not provide a liberty interest in parole. <u>Id.</u> Both the new and old parole statutes required the parole board "to determine whether the inmate could be released without detriment to the community or to himself." <u>Id.</u> The primary distinction between the two statutes is that once this condition is met, the old statute states that the board "shall" release or parole the inmate, whereas the current statute states that the board "may," in its discretion, release or parole the inmate. <u>Johnson v. Missouri Bd. of Probation and Parole</u>, 92 S.W.2d 107, 114 n.3 (Mo. App. 2002) (quoting <u>State ex. rel. Shields v. Purkett</u>, 878 S.W.2d 42, 44 (Mo. banc 1994)). The mandatory language of "shall" in the old Missouri statute was the determining factor in the courts' holding that a liberty interest had been created in parole once the statutory requirements were satisfied. The new statute which changed the statutory language of "shall" to "may" has been clearly held to have created no liberty interest in parole. <u>Cavallaro</u>, 908 S.W.2d at 135 (citing <u>Ingrassia v. Purkett</u>, 985 F.2d 987, 988 (8th Cir. 1993)).

Plaintiff's assertion that he has a continued liberty interest in having his parole hearings conducted pursuant to the repealed state statute and regulations in effect at the time of his offenses is not the law. <u>Cavallaro</u>, 908 S.W.2d at 135-36; <u>Delay v. Missouri Bd. of Probation and Parole</u>, 174 S.W.3d at 665. Plaintiff was not entitled to parole under the old law prior to the time it was amended. The legislature that creates a statutory entitlement (liberty interest) is not

4

precluded from altering or terminating the entitlement by a later enactment.  Id.  The Missouri Legislature in 1982 was within its power to terminate the statutorily created parole entitlement that plaintiff now claims because plaintiff had no liberty interest at the time of the change.  Delay, 174 S.W.3d at 665.  A state-created entitlement does not create a substantive due process right that the state cannot rescind.  Cavallaro, 908 S.W.2d at 135-36.  Thus, any expectation of liberty plaintiff had in the use of the old parole statute and regulations was extinguished by the enactment of new law.  Plaintiff never acquired a liberty interest which was protected under the Due Process Clause of the Constitution.  Id.  Plaintiff is not entitled to a perpetual application of Missouri's old parole statute and regulations in all his subsequent parole hearings.  Id.  Based upon the undisputed material facts, plaintiff has no due process claim as a matter of law.

*Ex Post Facto*

Any entitlement to be considered for parole under the statute in effect at the time of plaintiff's crimes arises not from a liberty interest under the Due Process Clause of the Fourteenth Amendment, but rather from plaintiff's right to be free from ex post facto laws.  Id.  The issue is whether the alleged retroactive application of the new Missouri statute and regulations for parole violated the Ex Post Facto Clause of the Constitution.  The Supreme Court in California Dep't of Corrections v. Morales, 514 U.S. 499 (1995), held that whether a retroactive change in state law is a violation of ex post facto is determined by whether the law creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes."  A retroactive application of a change in state parole guidelines does not necessarily constitute an ex post facto application of the law.  Garner v. Jones, 529 U.S. 244, 246-47 (2000).  A speculative and attenuated possibility of producing the prohibited effect of increasing the measure of confinement does not create an ex post facto problem.  Id. at 251.

In the instant case, in order to succeed on his ex post facto claims, plaintiff must establish that the change in Missouri's parole law either alters the definition of his crime or increases his punishment.  Maggard v. Wyrick, 800 F.2d 195, 197 (8th Cir. 1986); Cavallaro, 908 S.W.2d at 136.  The change in the Missouri parole statutes and regulations did not change the elements of plaintiff's crimes, and thus, to be ex post facto, they must increase his punishment.  In this regard, the undisputed evidence indicates that the grounds for plaintiff's denial of parole were the same under the old and new parole statutes and guidelines, based upon the "seriousness of

5

the offense." It is a well established rule-of-law that the Parole Board may decide the serious nature of the inmate's offense requires that a longer term be served before parole release. Maggard, 800 F.2d at 197 (citing Parker v. Corrothers, 750 F.2d 653, 662 (8th Cir. 1984)). The Eighth Circuit has held that "release of an offender convicted of a serious crime may be a detriment to the community," and therefore, a denial of parole based upon the seriousness of an inmate's offense is a proper basis for denial under either Missouri's old or new parole statute. Maggard, 800 F.2d at 197; see also Cavallaro, 908 S.W.2d at 136. The Eighth Circuit in the Maggard case held there to be no ex post facto violation when the new parole statute, section 217.690, was applied to Missouri inmates who committed their crimes when section 549.261 was in effect; finding that denial of parole under the new statute on grounds which were valid under the old statute, precluded an ex post facto violation. That reasoning is determinative here.

Plaintiff's cite to the California cases in support of his argument that the basis for his parole denial was unconstitutional is not binding or persuasive to this court. The Northern District of California case cited by plaintiff, Jones v. Solis, 2006 WL 927699 (N.D. Cal), and the Eastern District of California case, Irons, II v. Warden of California State Prison-Solano, 358 F. Supp (E.D. Cal. 2005), are cases in which the court's decision is based upon California precedent holding that in the State of California, the parole statutes still provide a liberty interest in parole. California courts have found that because California statutory language still contains mandatory language such as "shall" and "unless," California inmates have a cognizable liberty interest in release on parole. These cases are irrelevant to the question of whether under Missouri law, plaintiff has a liberty interest in being released on parole.

To the extent plaintiff challenges his parole hearings being allotted only every three years, pursuant to current law, plaintiff fails to rebut the evidence of defendants that at the time he committed his offenses, parole regulations provided for parole reconsideration to be set at a maximum of every five years. Therefore, a review every three years does not have the potential of increasing plaintiff's sentence of confinement in violation of ex post facto.

Plaintiff's challenge to the change in the parole statute which no longer allows for appeals of the Parole Board's decision to deny parole, fails to set forth an ex post facto violation. There is no evidence that the lack of opportunity to appeal a decision of the Parole Board creates a sufficient risk of increasing plaintiff's measure of punishment attached to his crimes. The

6

Board of Probation and Parole has almost unlimited discretion in determining whether to grant or deny parole to inmates who satisfy initial criteria for parole. Cole v. Missouri Bd. of Probation and Parole, 947 S.W.2d 124 (Mo. App. W.D. 1997) (citing Cavallaro v. Groose, 908 S.W.2d 133, 135 (Mo. Banc 1995)). With unlimited discretion in its decision to grant or deny parole, the court finds no evidence to support plaintiff's argument that denial of the opportunity to appeal the Board's decision denying him parole, creates any real risk of increasing his measure of punishment for the crimes for which he is incarcerated. At most, such a change creates an attenuated or speculative risk.

Based upon the undisputed material facts, plaintiff's ex post facto claims fail as a matter of law.

*Equal Protection*

To establish a claim under the Equal Protection Clause, a plaintiff must show he has been treated by a state actor differently than those similarly situated because he belongs to a particular class, Inmates of the Nebraska Penal and Correctional Complex v. Greenholtz, 567 F.2d 1368, 1374 (8th Cir. 1977), or because a fundamental right is involved, Alcala v. Burns, 545 F.2d 1101 (8th Cir. 1976). Where there is no "suspect classification" involved, such as race, and no question of fundamental rights, the courts will uphold the state action or legislation if it is rationally related to a "legitimate state purpose." Casbah, Inc. v. Thone, 651 F.2d 551 (8th Cir. 1981). The standard of review is a question of law. Prison inmates do not constitute a suspect class. More v. Farrier, 984 F.2d 269, 271 (8th Cir. 1993) (wheelchair inmates are not a suspect class); Fuller v. Lane, 686 F. Supp. 686 (C.D. Ill. 1988).

In the instant case, plaintiff has not alleged he is a member of a suspect class, or that his denial of parole is a violation of a fundamental right. Therefore, in order to succeed on his equal protection claims he must show that he is being treated differently from similarly situated inmates and that this difference in treatment bears no rational relation to a legitimate penal interest. Phillips v. Norris, 320 F.3d 844, 848 (8th Cir. 2003). Additionally, plaintiff must show intentional or purposeful discrimination. Id.

Plaintiff provides some evidence that other inmates who have been arguably incarcerated for more serious crimes, and who, plaintiff provides, have less favorable prison conduct records, have been released on parole, while plaintiff continues to be denied parole. Plaintiff has not

provided, however, evidence beyond these broad generalizations, or evidence of intentional discrimination. Parole decisions are clearly discretionary decisions based on many individualized factors, not just the generalizations referenced by plaintiff. The Parole Board may consider discretionary factors such as a prisoner's attitude, acceptance of responsibility, remorse, severity and nature of the crime, identity of the victim, or any number of other factors related to the individual prisoner and the crime for which he is incarcerated. Thus, the court finds that plaintiff has failed to provide sufficient evidence that he is similarly situated for purposes of parole to those inmates he cites in support of his claims of denial of equal protection.

Furthermore, the Eighth Circuit has held that parole board members are entitled to absolute immunity in prisoner section 1983 actions alleging violation of equal protection in the board's imposition of conditions of parole. Mayorga v. Missouri, 442 F.3d 1128 (8th Cir. 2006). Parole board members are entitled to absolute immunity when considering and deciding parole questions because this function is comparable to that of judges. Id. at 1131.

*Injunctive Relief*

To the extent plaintiff's claims seek injunctive relief to have the old Missouri parole statute and guidelines applied by the board, this argument fails for the reasons set forth above in this report. Plaintiff has failed to establish that he has a liberty interest in having the old parole statute and regulations applied to his parole consideration. Therefore, plaintiff is not entitled to a new parole hearing applying the old parole statute and regulations. Wilkinson v. Dotson, ___ U.S. ___, 125 S. Ct. 1242 (2005), cited by plaintiff, which allows a 42 U.S.C. § 1983 claim to raise this issue, does not require that an injunction issue.

**Conclusion**

The court finds there to be no dispute as to the material facts, and that based upon such facts, defendants are entitled to judgment as a matter of law.

IT IS, THEREFORE, ORDERED that plaintiff's motion to strike is denied [40]. It is further

RECOMMENDED that plaintiff's motion for summary judgment be denied, and defendants' motion for summary judgment be granted and plaintiff's claims be dismissed [30, 37].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 9th day of November, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge